**Matthew BROCK, Appellant,**

v.

**KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION and Fries Cor-
rectional Equipment, Inc., Appellees.**

Court of Appeals of Kentucky.

May 17, 1985.

As Modified July 19, 1985.

Glenda Harrison, Covington, for appellant.

Martin Z. Kasdan, Terry L. Morrison, Frankfort, for appellee, Kentucky Unemployment Ins. Com'n.

Steven L. Schiller, Newport, for appellee, Fries Correctional Equipment, Inc.

Before COMBS, DUNN and MILLER, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Kenton Circuit Court, affirming the Kentucky Unemployment Insurance Commission's decision to deny appellant unemployment insurance benefits.

Appellant was a full-time employee of appellee, Fries Correctional Equipment, Inc. in Kenton County, Kentucky from February of 1980 until April of 1983. In February of 1983, Fries notified its employees that it was moving all operations to Tipp City, Ohio and that any employee wishing to remain with the company would have to work in Tipp City. The new facility was approximately eighty miles from appellant's residence.

On February 24, 1983, appellant told his foreman he was quitting Fries because he did not wish to move to Ohio and felt the distance was too far to commute. The following day, appellant asked to be rehired and agreed to work in Tipp City in exchange for Fries' promise to increase his salary and pay his moving expenses. In March of 1983, appellant reconsidered his decision to relocate and concluded that he did not wish to move to Ohio or to commute eighty miles each way to work.

Appellant applied for unemployment benefits, but the Division for Unemployment Insurance decided that he voluntarily quit his employment without good cause, so it denied his claim. The Referee found that appellant was voluntarily unemployed for personal reasons and affirmed the Division's determination on the grounds that KRS 341.370(1)(c) disqualifies a worker from receiving unemployment benefits and KRS 341.530(3) relieves the employer of liability for the claim if the worker voluntarily leaves the employer without good cause attributable to the employment. On appeal, the Kentucky Unemployment Insurance Commission adopted and approved the Referee's findings of fact and conclusions of law, and its decision was affirmed by the Kenton Circuit Court.

Appellant advances two arguments on appeal. First, appellant contends that the Commission misapplied the law in failing to consider whether employment with Fries was "suitable" work within KRS 341.-370(1)(c) after Fries moved to Ohio. KRS 341.370(1)(c) only disqualifies a worker from receiving benefits if he has "left his most recent *suitable* work or any other

suitable work ... voluntarily without good cause attributable to the employment." [Emphasis added]. Although "suitable" is not defined by statute, KRS 341.100 states that the distance of the available work from the worker's residence is relevant in determining suitability.

Appellant notes that recent decisions by the Commission and circuit court have found work as close as 55 miles to be unsuitable within the statute, and maintains that the Commission should have considered whether his work became unsuitable by virtue of Fries' move before addressing his reasons for leaving the company. We agree with appellant on this issue. If Fries' move rendered appellant's work unsuitable, then appellant is not disqualified from receiving benefits under KRS 341.-370(1)(c).

The statute charges unemployment benefits against the former employer's reserve account unless the employer can fit within the statutory exception. KRS 341.350(3) states that "benefits paid to an eligible worker and chargeable to an employer's reserve account ... shall be charged against the pooled account ... if such worker voluntarily left his most recent work with such employer without good cause attributable to the employment."

On remand, should the Commission find that Fries' move to Ohio rendered appellant's employment unsuitable, his quitting would thereby be *with* good cause attributable to employment (KRS 341.370[1][c] ); accordingly, Fries' reserve account should appropriately be charged pursuant to KRS 341.530(2).

The judgment of the Kenton Circuit Court is reversed and remanded for proceedings consistent with this opinion.

All concur.